■ MARY L. DeStasio, as Administrator of the Estate of Rose M. Brennan, Deceased, et al., Respondents, v Harold B. Stevelman et al., Appellants. [659 NYS2d 62] —In an action to recover damages for medical malpractice and products liability, the defendant Harold B. Stevelman, appeals, and the defendants Geigy Pharmaceuticals, a Division of Ciba-Geigy Corporation, and Ciba-Geigy Corporation separately appeal, from an order of the Supreme Court, Westchester County (Cowhey, J.), dated June 13, 1996, which denied their respective motion and cross motion for summary judgment.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The decedent was examined by the defendant Dr. Harold B.

Stevelman on February 22, 1990, complaining of pain in her shoulders and ankles. Dr. Stevelman prescribed Voltaren, a non-steroidal anti-inflammatory drug produced by the defendant Geigy Pharmaceuticals, a Division of Ciba-Geigy Corporation. Dr. Stevelman advised the decedent of possible gastrointestinal and kidney complications, but did not discuss any potential liver complications which could develop from the use of the drug. The decedent took the drug for over a month, when she voluntarily discontinued its use after experiencing fatigue, jaundice, rashes, and flu-like symptoms. She returned to Dr. Stevelman, who referred her to a gastroenterologist. She was admitted to a hospital, and diagnosed as having hemolytic anemia. After a period of recovery and relapse, the decedent ultimately died from, *inter alia*, aplastic anemia.

The plaintiffs commenced this action against Dr. Stevelman for medical malpractice, and against Geigy Pharmaceuticals, a Division of Ciba-Geigy Corporation and Ciba-Geigy Corporation, for marketing a dangerous drug and failure to warn. The defendants' respective motion and cross motion for summary judgment, were denied. We affirm. The plaintiff's expert's affidavits make out a prima facie case that the Voltaren may have caused the decedent's condition, and that Dr. Stevelman was negligent in prescribing the drug or in failing to inform the decedent of the possible complications due to the use of the drug. This was sufficient to defeat the defendants' motion and cross motion for summary judgment (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Zuckerman v City of New York*, 49 NY2d 557). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.